J. S76007/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                           :           PENNSYLVANIA
                     v.                      :
                                                :
KEITH JOHNSON,                 :          No. 2020 WDA 2013
                                                   :
                 Appellant        :

Appeal from the PCRA Order, November 25, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0005882-1985

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:     **FILED JANUARY 27, 2015**

Appellant appeals from the order denying his second petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 to 9546. We affirm.

On May 19, 1985, while 16 years of age, appellant stabbed another teenager to death on the Ft. Duquesne Bridge in Pittsburgh. On October 18, 1985, a jury convicted appellant of first degree murder; and on July 23, 1986, appellant was sentenced to a mandatory sentence of life imprisonment without the possibility of parole.

On December 4, 1987, this court affirmed the judgment of sentence; and on November 2, 1988, our supreme court denied appeal. ***Commonwealth v. Johnson***, 536 A.2d 825 (Pa.Super. 1987) (unpublished memorandum), ***appeal denied***, 552 A.2d 250 (Pa. 1988). Appellant's first

PCRA petition was filed on July 16, 2010, and was denied on March 30, 2011.

Appellant filed the instant, untimely PCRA petition on July 16, 2012, within 60 days of the United States Supreme Court's June 25, 2012 decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which held that it is unconstitutional to sentence individuals who were under 18 years of age at the time of their offense to mandatory life imprisonment without parole. Appellant's petition invoked the after-recognized constitutional right exception to the time restrictions of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

We do not have jurisdiction to review appellant's petition because section 9545(b)(1)(iii) requires that the newly recognized right be already held to apply retroactively. *Commonwealth v. Seskey*, 86 A.3d 237, 242-243 (Pa.Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014). *Miller v. Alabama* has not been held to apply retroactively. Moreover, our supreme court has ruled that *Miller v. Alabama* would not be applied retroactively to persons on collateral review. *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). In his present appeal, appellant argues that *Cunningham* was wrongly decided. However, as a subordinate court we are unable to reverse the rulings of our supreme court. Consequently, we are bound by *Cunningham*, and are without jurisdiction to review appellant's petition.

Order affirmed.

J. S76007/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2015